IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-01431-DDD-NRN

DAVON WILLIAMS,

Plaintiff,

v.

DENMAR LLC, A Colorado Foreign Limited Liability Company,
DENSPRING LLC, A Colorado Foreign Limited Liability Company,
RLJ II MH DENVER S LLC, A Colorado Foreign Limited Liability Company,
DD LINCOLN STATION LLC, A Colorado Foreign Limited Liability Company,
WOODMONT LONE TREE ACADEMY LLC, A Colorado Foreign Limited Liability Company,
BLACK ELK LLC, A Colorado Foreign Limited Liability Company,
FCPT Holdings LLC, A Colorado Foreign Limited Liability Company,
HTA PARK MEADOWS EAT LLC, A Colorado Foreign Limited Liability Company,
CITY OF LONE TREE, A Colorado Municipal Corporation,
ROSHANA FLOYD, In her official Capacity as Senior Planner of City of Lone Tree, A Colorado Municipal Corporation,
LINDA MICHOW, In her official Capacity as City Attorney of Lone Tree, A Colorado Municipal Corporation,
DAVIS DEVELOPMENT, A Colorado Foreign Limited Liability Company,
WHITE LODGING SERVICES CORP, A Colorado Foreign Limited Liability Company,
REGIONAL TRANSPORTATION DISTRICT, a quasi municipal corporation,
UNITED STATES OF AMERICA, and
ALL UNKNOWN PERSONS WHO CLAIM ANY INTEREST IN THE SUBJECT MATTER OF THIS ACTION,

Defendants.

**REPORT AND RECOMMENDATION ON
DEFENDANTS' MOTIONS TO DISMISS (Dkt. ## 81 & 92)**

**N. REID NEUREITER
United States Magistrate Judge**

This matter is before me pursuant to Orders (Dkt. ##85 & 93) issued by Judge

Daniel D. Domenico referring Defendants RLJ II MH Denver S LLC ("RLJ"), DD Lincoln

Station LLC ("DD Lincoln"), Black Elk LLC ("Black Elk"), FCPT Holdings LLC ("FCPT"), Regional Transportation District ("RTD"), and City of Lone Tree, Roshana Floyd and Linda Michow's (collectively the "City Defendants") (all collectively referred to as the "Defendants") Combined Motion to Dismiss With Prejudice Plaintiff's Amended Complaint (Dkt. #81), and Defendant United States of America's ("United States") Motion to Dismiss Amended Complaint Pursuant to Rule 12(b)(1). (Dkt. #92.)

Plaintiff Davon Williams, proceeding pro se,[1] filed a single response to both motions (Dkt. #102), and the United States and Defendants filed replies. (Dkt. ##108 & 109.) The Court heard oral argument from the parties (*see* Dkt. #111) on February 15, 2022, and Mr. Williams was given leave to file a supplemental brief explaining the research he had done prior to filing the lawsuit, which was filed on February 25, 2022. (Dkt. #112.) Now being fully informed and for the reasons discussed below, it is hereby **RECOMMENDED** that the subject motions (Dkt. #81 & 92) be **GRANTED**.

---

[1] Because Mr. Williams proceeds pro se, the Court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). However, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (the court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). A plaintiff's pro se status does not entitle him to an application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

## BACKGROUND[2]

This lawsuit was initiated on May 26, 2021 by KW Lane Ltd. (Dkt. #1.) After the Court sua sponte ordered KW Lane Ltd to retain counsel (Dkt. #4), an Amended Plaintiff's Complaint to Quiet Title, Declaratory Judgement [sic] and Injunctive Relief ("Amended Complaint") (Dkt. #6) was filed, substituting Mr. Williams as plaintiff.

The rambling[3] Amended Complaint can be briefly summarized as follows. Mr. Williams' company, KW Lane Ltd, acquired for less than $200 certain mineral rights at a tax lien foreclosure sale. Defendants are the surface owners. Mr. Williams believes he is entitled to access his mineral estate via Defendants' property. It should be noted that the properties involved are near or around the highly developed land just south of the giant Park Meadows Mall, south of Denver, in or near the City of Lone Tree. He also alleges that the City Defendants are interfering with his rights by requiring the surface owners' consent to explore for minerals and by "plac[ing] arbitrary rules . . . to issue us a special use permit to drill properties to determine mineral content under."

Mr. Williams asserts four claims for relief:

- First Claim for Relief Pursuant to Declaratory Judgment 28 U.S.C. § 2201(a);

---

[2] Unless otherwise noted, all allegations are taken from Mr. Williams' Amended Complaint (Dkt. #6) and are presumed to be true for the purposes of this motion to dismiss. All citations to docketed materials are to the page number in the CM/ECF header, which sometimes differs from a document's internal pagination.

[3] In addition to the 37-page Amended Complaint, Mr. Williams also filed 32 exhibits (see Dkt. #7) that purportedly support his pleading. On August 25, 2021, he filed nine more exhibits. (Dkt. #69.)

- Second Claim for Relief Pursuant to Quiet Title 28 U.S.C. § 2409a and Colo. Rev. Stat. § 39-11-133;
- Third Claim for Relief Fourth Claim for Relief Pursuant to Color of Title 43 U.S.C. § 1068 and Colo. Rev. Stat. § 38-41-108;
- Fourth Cause of Action Pursuant to 42 U.S.C. § 1983 (Deprivation of Rights) and 28 U.S.C. § 1343(a)(3) (Elective Franchise).

The United States argues that it is immune from suit under the doctrine of sovereign immunity. The other Defendants contend that Mr. Williams' Amended Complaint should be dismissed because Mr. Williams' lack standing and fails to state a claim for relief.

## ANALYSIS

### I.   Mr. Williams' Claims Against the United States

The United States argues that Mr. Williams' Amended Complaint should be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. The Court agrees.

The Federal Rules of Civil Procedure instruct that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. 12(h)(3); *Marcus v. Kan. Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999). Federal courts are courts of limited jurisdiction and, as such, "are duty bound to examine facts and law in every lawsuit before them to ensure that they possess subject matter jurisdiction." *The Wilderness Soc. v. Kane Cnty., Utah*, 632 F.3d 1162, 1179 n.3 (10th Cir. 2011) (Gorsuch, J., concurring). "The party invoking jurisdiction of the court has the duty to establish that

4

federal jurisdiction does exist, but since the courts of the United States are court of limited jurisdiction, there is a presumption against its existence." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974) (quoting *Wilshire Oil Co. of Tex. v. Riffe*, 409 F.2d 1277 (10th Cir. 1969) and *City of Lawton, Okla. V. Chapman*, 257 F.2d 601 (10th Cir. 1958)). Thus, "[t]he burden of establishing subject matter jurisdiction is on the party asserting jurisdiction." *Port City Props. v. Union Pac. R.R. Co. 24*, 518 F.3d 1186, 1189 (10th Cir. 2008).

Pursuant to Rule 12(b)(1), a party may bring either a facial or factual attack on subject matter jurisdiction, and a court must dismiss a complaint if it lacks subject matter jurisdiction. *See Pueblo of Jemez v. United States*, 790 F.3d 1143, 1147 n.4 (10th Cir. 2015). For a facial attack the court takes the allegations in the complaint as true; for a factual attack, the court may not presume the truthfulness of the complaint's factual allegations and may consider affidavits or other documents to resolve jurisdictional facts. *Rural Water Dist. No. 2 v. City of Glenpool*, 698 F.3d 1270, 1272 n.1 (10th Cir. 2012) (citing *Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995)).

The United States mounts a facial attack to the Amended Complaint, arguing that the Court does not have subject matter jurisdiction over the claims contained therein because the United States has not waived sovereign immunity. The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "It is well settled that the United States . . . [is] immune from suit, unless sovereign immunity has been waived." *Atkinson v. O'Neill*,

5

867 F.2d 589, 590 (10th Cir. 1989). Sovereign immunity is a jurisdictional bar to suit. *Fed. Dep. Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994). "A waiver of sovereign immunity cannot be implied but must be unequivocally expressed," *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (internal quotations and citation omitted), and the plaintiff bears the burden of establishing that sovereign immunity has been waived, *Fostvedt v. United States*, 978 F.2d 1201, 1203 (10th Cir. 1992).

As an initial matter, it is unclear what claims, if any, Mr. Williams purports to assert against the United States. Indeed, he claims that "[a]ll defendants *excluding The United States*, is [sic] burdened under the easement requirements for performance of the land patent be met, due to the requirements in deed of permitted exceptions." (Dkt. #6 at ¶ 106 (emphasis added).) Instead, Mr. Williams alleges that he is the assignee of a land patent made by the United States in 1891, which he claims makes the United States an "party of interest in any attack on that title in the courts of law." (*See id.* at ¶¶ 13, 66.) How this exposes the United States to any liability is left unexplained. Accordingly, the Court has little difficulty finding that the Amended Complaint violates Rule 8(a)'s requirement that a pleading contain short and plain statements (1) of the grounds for jurisdiction, and (2) a claim showing that Mr. Williams is entitled to relief. The Amended Complaint could be dismissed on these grounds alone.

Even assuming Mr. Williams intended to assert each claim for relief against the United States, he does not identify any applicable waiver of sovereign immunity that bestows federal jurisdiction on the Court. The first claim is for declaratory judgment, but the Declaratory Judgment Act, 28 U.S.C. § 2201(a), "does not confer jurisdiction upon federal courts, so the power to issue declaratory judgments must lie in some

6

independent basis of jurisdiction." *Devon Energy Prod. Co., L.P. v. Mosaic Potash Carlsbad, Inc.*, 693 F.3d 1195, 1202 (10th Cir. 2012) (quoting *Cardtoons, L.C. v. Major League Baseball Players Ass'n*, 95 F.3d 959, 964 (10th Cir. 1996)). As discussed below, there is no other independent basis for jurisdiction as to Mr. Williams' claims against the United States.

The second claim invokes the Quiet Title Act, which provides that the United States "may be named as a party defendant in a civil action under this section to adjudicate a *disputed title* to real property in which the United States *claims an interest*." 28 U.S.C. § 2409a(a) (emphasis added). "[T]o satisfy the 'disputed title' element of the [Quiet Title Act], a plaintiff must show that the United States has either expressly disputed title or taken action that implicitly disputes it." *Kane Cnty.*, 772 F.3d at 1212. Under the Quiet Title Act, the complaint must "set forth with particularity . . . the right, title, or interest claimed by the United States." 28 U.S.C. § 2409a(d). Here, the Amended Complaint makes no particularized showing that the United States has claimed an interest in or disputed, expressly or implicitly, Mr. Williams' mineral rights. Therefore, the United States cannot be sued under the Quiet Title Act.

Mr. Williams' third claim is brought under the federal and Colorado color of title statutes. Only the former could apply to the United States. The Color of Title Act, 43 U.S.C. § 1068, permits the adverse possession of public land in certain circumstances. Adverse possession is not at issue in this case, however, and the Color of Title Act does not authorize suits against the United States anyway.

The fourth claim for relief appears to be asserted against the City Defendants, not the United States. In any case, the statutes cited (42 U.S.C. § 1983 and 28 U.S.C. § 1343) authorize suits based on state, not federal, action.

Additionally, in his statement of jurisdiction, Mr. Williams references 28 U.S.C. § 1491(a)(1), known as the Tucker Act, and 28 U.S.C. § 1346(a)(2), known as the Little Tucker Act. Neither statute applies. Claims brought under the Tucker Act must be brought in the Court of Federal Claims. *See* 28 U.S.C. § 1491(a)(1) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort."). The Little Tucker Act vests district courts with original jurisdiction over civil actions against the United States for amounts not exceeding $10,000. *See* 28 U.S.C. § 1346(a)(2). But Mr. Williams is not seeking monetary damages against the United States, and neither the Tucker Act nor the Little Tucker Act authorize relief other than money damages for contract claims. *Robbins v. U.S. Bureau of Land Mgmt.*, 438 F.3d 1074, 1081 (10th Cir. 2006). Moreover, Mr. Williams does not sufficiently allege that he has ever had a contract with the United States, just that in 1891 the United States executed the land patent, which is merely an "instrument by which the government conveys a grant of public land to a private person." *Black's Law Dictionary* (11th ed. 2019). Jurisdiction cannot be exercised under 28 U.S.C. §§ 1491(a)(1) or 1346(a)(2).

Finally, the Amended Complaint references in passing the Takings Clause of the Fifth Amendment, which does not apply here because Mr. Williams does not allege that the United States took his property for public use.

In sum, the Court lacks subject matter jurisdiction over any claim Mr. Williams purports to assert against the United States. Therefore, dismissal of the United States under Rule 12(b)(1) is appropriate.

## II.    Mr. Williams Claims Against the Remaining Defendants

### A.    Standing

Defendants claim that Mr. Williams lacks standing to bring this suit because his company, not Mr. Williams personally, owned the mineral rights when this action was brought, and because there is no controversy ripe for adjudication.

Article III of the Constitution establishes that the jurisdiction of the federal courts reaches only "Cases" and "Controversies." U.S. Const. art. III, § 2. Absent a justiciable case or controversy between interested parties, a federal court lacks the "power to declare the law." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998). Article III standing requires a plaintiff to have personally suffered (1) a concrete and particularized injury (2) that is traceable to the conduct he or she challenge, and that (3) would likely be redressed by a favorable decision. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). At the pleading stage, any complaint filed in federal court must "clearly allege facts demonstrating each element." *Id.* (quotation marks and alterations omitted). A particularized injury is one that "affect[s] the plaintiff in a personal and individual way." *Id.* at 339 (internal quotation marks omitted).

In addition to the constitutional requirements of Article III standing, a plaintiff must also have "prudential standing," which looks to whether the "statutory provision on which the claim rests properly can be understood as granting persons in the plaintiff's position a right to judicial relief." *Kane Cnty.*, 632 F.3d at 1169. "The prudential standing doctrine encompasses various limitations, including the general prohibition on a litigant's raising another person's legal rights." *Id.* at 1168 (quotations and citation omitted). "The plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Id.* (quoting *Warth v. Seldin*, 422 U.S. 490, 499 (1975)).

In this case, when the Amended Complaint was filed, KW Lane Ltd was the owner of the mineral rights at issue. In a transparent attempt to bypass an order of the Court, Mr. Williams merely substituted himself as the plaintiff because a corporate entity cannot proceed pro se. The Court agrees, then, that Mr. Williams did not have standing to bring this suit on behalf of his company at the time the Amended Complaint was filed. However, any defect in individual standing could be cured by further amendment demonstrating that the mineral estate was conveyed by the company to Mr. Williams. To avoid additional, unnecessary motions practice, the Court will address Defendants' other arguments.

Defendants further contend that Mr. Williams lacks standing because his claims are not ripe for adjudication. They point out that Mr. Williams has not submitted to the City of Lone Tree a completed application for a temporary use permit. Therefore, for the Court to determine whether to prevent or allow Mr. Williams access to Defendants' property for drilling purposes would constitute an impermissible advisory opinion. While

this may be relevant to Mr. Williams' claims against the City Defendants relating to the permitting process, it is not clear that the argument applies with equal force to his claims against the other, non-governmental Defendants for declaratory judgment or to quiet title. Accordingly, the Court will proceed to Defendants' other substantive arguments.

### B.  The Federal Claims in Claims One Through Three

The Court identified above the federal statutes Mr. Williams relies on in his first three claims for relief. None of them afford him a remedy against Defendants. Therefore, they must be dismissed under Rule 12(b)(6).

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The court's function on a Rule 12(b)(6) motion is not to "weigh the potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief can be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Mere "labels and conclusions" do not count. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, (2007).

Turning to the relevant federal statutes, declaratory judgment, as discussed above, is not a cause of action, it is a remedy. Next, the Quiet Title Act provides the means to challenge a disputed title to real property in which the United States claims an interest; as such, it has no applicability to Mr. Williams' situation. Third, the Color of Title

Act pertains to those who seek to claim title to public land via adverse possession. It is likewise inapplicable. For these reasons, Mr. Williams cannot maintain his first three claims for relief under federal law against any of the Defendants.

### C.     The Fourth Claim for Relief

In his fourth claim for relief, Mr. Williams alleges that the City Defendants violated his constitutional rights pursuant to 42 U.S.C. § 1983, and cited 28 U.S.C. § 1343(a)(3) as the basis for jurisdiction. This claim fails.[4]

First, Mr. Williams improperly sues both the City of Lone Tree and City Senior Planner Roshana Floyd and City Attorney Linda Michow in their official capacities. (*See* Dkt. #6 at ¶¶ 10–11.) The law is well-settled that a § 1983 suit against a municipality and a suit against a municipal official acting in his or her official capacity are the same. *Myers v. Oklahoma Cnty. Bd. of Cnty. Comm'rs*, 151 F.3d 1313 n.2 (10th Cir. 1998). Consequently, § 1983 claims against individual defendants in their official capacities are redundant when those same claims are also brought against the municipal entity that employs the individual defendants. That is the case here. Defendants Floyd and Michow should be dismissed.

To state a valid cause of action under § 1983, a plaintiff must allege the deprivation by defendant of a right, privilege, or immunity secured by the constitution and laws of the United States while the defendant was acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970). Section 1983 is not an independent source of substantive rights; it merely creates a remedy for violations of

---

[4] Because § 1983 is not a jurisdictional statute, *see Daigle v. Opelousas Health Care, Inc.*, 774 F.2d 1344, 1346 (5th Cir. 1985), 28 U.S.C.§ 1343(a)(3) acts as its jurisdictional counterpart. It does not create an independent cause of action.

federal constitutional or statutory rights. *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). "The elements necessary to establish a § 1983 . . . violation will vary with the constitutional provision at issue." *Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013) (internal quotation marks omitted). Furthermore, vague and conclusory allegations that a plaintiff's rights have been violated do not entitle a pro se pleader to a day in court regardless of how liberally the court construes such pleadings. *See Ketchum v. Cruz*, 775 F. Supp. 1399, 1403 (D. Colo. 1991), *aff'd*, 961 F.2d 916 (10th Cir. 1992).

The Amended Complaint does not identify the constitutional provision Mr. Williams claims the City of Lone Tree violated. Instead, he quotes a confusing hodgepodge of random, unrelated legal authority, interspersed with his own conclusory declarations and opinions. His central complaint is that the City of Lone Tree's regulatory requirements deny him access his mineral estate and the ability to drill whenever and wherever he desires. But he does not allege that he followed the city's permitting process, and until he does so, and application is denied, his claim is unripe. Nor does Mr. Williams describe what "arbitrary rules" Lone Tree has implemented that have thwarted his ability to obtain a special use permit. Mr. Williams § 1983 claim fails as a matter of law.[5]

### D.     The State Claims in Claims One Through Three

Mr. Williams has utterly failed to establish that the Court can properly exercise federal question jurisdiction pursuant to 28 U.S.C. § 1331. His remaining claims are

---

[5] Mr. Williams argues at some length in his response that the Lone Tree violated his constitutional rights under the Fifth Amendment's Just Compensation Clause. This is not plausibly alleged in the Amended Complaint, and the Court will not consider it.

premised on state law. The Amended Complaint does not, and cannot, allege diversity jurisdiction. Therefore, the final question is whether the Court should exercise supplemental jurisdiction over these claims.

While courts may exercise supplemental jurisdiction over state law claims if there is otherwise a jurisdictional basis for doing so, 28 U.S.C. § 1367(c)(3) states that a court may decline to exercise jurisdiction over such claims if "the district court has dismissed all claims over which it has original jurisdiction." When § 1367(c)(3) is implicated in the Tenth Circuit, courts are advised to dismiss pendent state law claims "'absent compelling reasons to the contrary.'" *Brooks v. Gaenzle*, 614 F.3d 1213, 1230 (10th Cir. 2010) (quoting *Ball v. Renner*, 54 F.3d 664, 669 (10th Cir. 1995)) (reversing the district court's grant of summary judgment on state law claims); *Endris v. Sheridan Cnty. Police Dep't*, 415 F. App'x 34, 36 (10th Cir. 2011) ("any state-law claims for assault and battery or mental and emotional injury were inappropriate subjects for the exercise of pendent jurisdiction where all federal claims had been dismissed"). The Court does not believe there are any compelling reasons to retain jurisdiction, and recommends that Mr. Williams' remaining state law claims be dismissed without prejudice. *See* Colo. Rev. Stat. § 13–80–111 (permitting claims properly commenced within the statute of limitations to be re-filed if involuntarily dismissed because of lack of jurisdiction).

## **RECOMMENDATION**

In light of the foregoing, it is hereby **RECOMMENDED** that Defendants' Motions to Dismiss (Dkt. ##81 & 92) be **GRANTED**.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve**

**and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge,** *Thomas v. Arn*, **474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions.** *Makin v. Colo. Dep't of Corr.*, **183 F.3d 1205, 1210 (10th Cir. 1999);** *Talley v. Hesse*, **91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Dated:    March 18, 2022
          Denver, Colorado                    _____
                                              N. Reid. Neureiter
                                              United States Magistrate Judge