IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-01431-DDD-NRN

DAVON WILLIAMS,

Plaintiff,

v.

DENMAR LLC, A Colorado Foreign Limited Liability Company,
DENSPRING LLC, A Colorado Foreign Limited Liability Company,
RLJ II MH DENVER S LLC, A Colorado Foreign Limited Liability Company,
DD LINCOLN STATION LLC, A Colorado Foreign Limited Liability Company,
WOODMONT LONE TREE ACADEMY LLC, A Colorado Foreign Limited Liability Company,
BLACK ELK LLC, A Colorado Foreign Limited Liability Company,
FCPT Holdings LLC, A Colorado Foreign Limited Liability Company,
HTA PARK MEADOWS EAT LLC, A Colorado Foreign Limited Liability Company,
CITY OF LONE TREE, A Colorado Municipal Corporation,
ROSHANA FLOYD, In her official Capacity as Senior Planner of City of Lone Tree, A Colorado Municipal Corporation,
LINDA MICHOW, In her official Capacity as City Attorney of Lone Tree, A Colorado Municipal Corporation,
DAVIS DEVELOPMENT, A Colorado Foreign Limited Liability Company,
WHITE LODGING SERVICES CORP, A Colorado Foreign Limited Liability Company,
REGIONAL TRANSPORTATION DISTRICT, a quasi municipal corporation,
UNITED STATES OF AMERICA, and
ALL UNKNOWN PERSONS WHO CLAIM ANY INTEREST IN THE SUBJECT MATTER OF THIS ACTION,

Defendants.

---

**ORDER ON
DEFENDANTS DD LINCOLN STATION LLC, CITY OF LONE TREE, ROSHANA FLYD, LINDA MICHOW, RLJ II MH DENVER S LLC, AND FCPT HOLDINGS LC'S COMBINED MOTION FOR ATTORNEYS' FEES AND COSTS
(Dkt. #119)**

---

**N. REID NEUREITER**
**United States Magistrate Judge**

This matter is before the Court on Defendants DD Lincoln Station LLC ("DD Lincoln"); City of Lone Tree, Roshana Floyd, and Linda Michow (collectively, "City Defendants"); RLJ II MH Denver S LLC ("RLJ"); and FCPT Holdings LLC's ("FCPT") (collectively, "Defendants") Combined Motion for Attorneys' Fees and Costs. (Dkt. #119.) Plaintiff Davon Williams, who proceeds pro se,[1] did not file a response. The Court heard argument on the subject motion on July 18, 2022. Now being fully informed and for the reasons discussed below, it is hereby **ORDERED** that the subject motion (Dkt. #119) is **GRANTED IN PART** and **DENIED IN PART**.

## BACKGROUND

The Court refers the reader to its Report and Recommendation on Defendants' Motions to Dismiss (Dkt. #114), which was adopted by Judge Daniel D. Domenico on May 27, 2022 (Dkt. #121), for a more detailed recitation of the facts and procedural background of this case. Briefly, on January 29, 2021, Plaintiff purchased—for less than $200—certain mineral rights at a tax lien foreclosure sale. He then began contacting the

---

[1] Because Mr. Williams proceeds pro se, the Court "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). However, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (the court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). A plaintiff's pro se status does not entitle him to an application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002).

surface owners (the various Defendants in this case) to access his mineral estate via their properties. Defendants explained to Plaintiff that he had no right to do so. Nevertheless, on May 26, 2021, Plaintiff's business entity, KW Lane Ltd ("KW Lane"), filed a "Complaint to Quiet Title, Declaratory Judgement and Injunctive Relief." (Dkt. #1.) The Court promptly informed KW Lane that, as a corporate entity, it could not proceed without attorney representation, and ordered it to retain counsel and file a pleading that complied with Rule 11 of the Federal Rules of Civil Procedure. (Dkt. #4.) Instead, in an obvious effort to circumvent this order, Plaintiff merely substituted himself, pro se, as the complaining party. (*See* Dkt. #6.)

A Status Conference was held on August 17, 2021. Per the Courtroom Minutes, the "Court caution[ed] Plaintiff about the risks he is running in terms of costs and potentially attorneys fees, given the large number of Defendants he has sued. Plaintiff says he is aware of the risks of a cost award." (Dkt. #67 at 1.) The Court declined to set the matter for a Scheduling Conference. (*Id.*)

Defendants moved to dismiss. The Court held a hearing on these motions on February 15, 2022, during which the Court reiterated its concern regarding the validity of Plaintiff's claims:

> THE COURT: Mr. Williams, did -- did you sort of come up with these arguments on your own? Did you read somewhere -- I'm asking about suing the United States.
>
> MR. WILLIAMS: I know, and I –
>
> THE COURT: Did you come up with it on your own? Did you read these cases? You're not a lawyer.
>
> MR. WILLIAMS: Yes.
>
> THE COURT: Did you consult with somebody who told you that these are valid arguments?

3

> MR. WILLIAMS: Yes, I consulted with multiple attorneys prior to filing the case.
>
> THE COURT: Okay. And did they tell you that you could be sanctioned for bringing a lawsuit that doesn't have validity and you could be required to pay the attorneys' fees of the people who you sued if the lawsuit didn't have any validity, was deemed to be frivolous?
>
> MR. WILLIAMS: Okay, yes.
>
> THE COURT: Okay. Do you see how many lawyers had to show up today to defend this lawsuit?
>
> MR. WILLIAMS: Yes.
>
> THE COURT: They charge about 400, $500 an hour, some of them. So in the 20 minutes they've been here we've racked up probably 2- or $3,000 in fees. Do you realize in pursuing this lawsuit you could be liable for those?
>
> MR. WILLIAMS: Yes.

(Hr'g Tr., Dkt. #116 at 13–14.) The Court then invited Plaintiff to submit a brief outlining "his justification for bringing forth this lawsuit, explaining the research he did, and parties or authorities he consulted, to demonstrate his belief that the lawsuit is not frivolous, groundless, or brought in bad faith." (Dkt. #111.) It was not to exceed ten pages.

On February 25, 2022, Plaintiff submitted a fourteen-page document with 168 pages of attachments. (*See* Dkt. #112.) Most of it basically rehashes his arguments against dismissal, but Plaintiff also claims that he spoke to several lawyers, and "[j]ust like me they came to the same conclusion, that there are issues with defendant titles," and "[t]he multitude of attorneys that I consulted would have told me that this was frivolous ahead of filing and none of them have." (*Id.* at 3, 4.)

The Court was not convinced. After reviewing the Amended Complaint and the research provided by Plaintiff, the undersigned recommended that the motions to dismiss be granted for myriad reasons. (*See generally* Dkt. #114.) Essentially, the Court

4

determined that Plaintiff "utterly failed to establish that the Court can properly exercise federal question jurisdiction pursuant to 28 U.S.C. § 1331," and there was no reason for the Court to retain jurisdiction over the state law claims. (*Id.* at 14.) Plaintiff did not object to the Report and Recommendation, and it was ultimately adopted by Judge Domenico.

As expected, the subject motion for attorneys' fees followed. At the hearing on the motion, Plaintiff further claimed to have relied on advice from counsel at Beatty & Wozniak, P.C., but when asked to produce something in writing from the firm, Plaintiff insisted that they were currently preparing it and wanted additional time. This document has not been provided as of the date of this Order.

## **LEGAL STANDARDS**

Defendants claim that they are entitled to an award of their attorneys' fees and costs under both the federal rules of civil procedure and Colorado statute.

### **Rule 11**

Rule 11(b) of the Federal Rules of Civil Procedure provides:

By presenting to the court a pleading, written motion, or other paper— whether by signing, filing, submitting, or later advocating it—an attorney or *unrepresented party* certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

5

> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b) (emphasis added). "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or *party* that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11 (c)(1) (emphasis added).

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.

Fed. R. Civ. P. 11(c)(2). This is known as the safe-harbor provision.

The "central purpose of Rule 11 is to deter baseless filings in district court" and "streamline the administration and procedure of the federal courts." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). "The focus of Rule 11 is narrow. It relates to the time of signing of a document and imposes an affirmative duty on each attorney and each party, represented or pro se, to conduct a reasonable inquiry into the validity and accuracy of a document before it is signed." *Eisenberg v. Univ. of New Mexico*, 936 F.2d 1131, 1134 (10th Cir. 1991). "A signature sends a message to the district court that this document is to be taken seriously." *Id.* (quoting *Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 546 (1991)). Where, as here, a complaint is the primary focus of a Rule 11 proceeding, "a district court must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually 'baseless' from an objective perspective, and (2) if the attorney has conducted 'a reasonable and

6

competent inquiry' before signing and filing it." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002) (quoting *Buster v. Greisen*, 104 F.3d 1186, 1190 (9th Cir. 1997)).

The Tenth Circuit has adopted the view that "an attorney's actions must be objectively reasonable in order to avoid Rule 11 sanctions." *White v. General Motors Corp., Inc.*, 908 F.2d 675, 680 (10th Cir.1990). By extension, the actions of pro se parties are required to be "objectively reasonable" as well. A good faith belief in the merit of an argument is not sufficient; the test, as the Tenth Circuit puts it, is "whether a reasonable attorney admitted to practice before the district court would file such a document." *Predator Int'l, Inc. v. Gamo Outdoor USA, Inc.*, 793 F.3d 1177, 1182 (10th Cir. 2015) (quoting *Adamson v. Bowen*, 855 F. 2d 668, 673 (10th Cir. 1988)).

While pro se parties are entitled to have their pleadings reviewed with some measure of liberal deference accorded to their status as pro se parties, this liberal deference "does not confer a license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *In re Winslow*, 132 B.R. 1016, 1019 (Bankr. D. Colo.1991) (internal citations and quotation marks omitted). "Even though pro se litigants may not have the training and resources of an attorney, they nevertheless must comply with Rule 11 and make a reasonable inquiry as to whether a complaint is well-grounded in fact and warranted by existing law." *Sieverding v. Colo. Bar Ass'n*, 2003 WL 22400218, at *28 (D. Colo. Oct. 14, 2003), *aff'd* 126 F. App'x 457 (10th Cir. 2005).

**Colo. Rev. Stat. § 13-17-102**

Under Colorado law,

> The court shall assess attorney fees if, upon the motion of any party or the court itself, it finds that an attorney or party brought or defended an action,

7

> or any part thereof, that lacked substantial justification or that the action, or any part thereof, was interposed for delay or harassment or if it finds that an attorney or party unnecessarily expanded the proceeding by other improper conduct[.] . . . As used in this article, "lacked substantial justification" means substantially frivolous, substantially groundless, or substantially vexatious.

Colo. Rev. Stat. § 13-17-102(4). Pursuant to § 13-17-102(6), attorneys' fees may not be assessed against a pro se party "unless the court finds that the party clearly knew or reasonably should have known that his action or defense, or any part thereof, was substantially frivolous, substantially groundless, or substantially vexatious." Colo. Rev. Stat. § 13-17-102(6). "A vexatious claim is one brought or maintained in bad faith to annoy or harass." *Bockar v. Patterson*, 899 P.2d 233, 235 (Colo. App. 1994). "It may include conduct that is arbitrary, abusive, stubbornly litigious, or disrespectful of the truth." *Id.* "A claim is 'frivolous' if no rational argument based on the evidence or law is presented; a claim is 'groundless' if it is not supported by any credible evidence." *Schmidt Const. Co. v. Becker-Johnson Corp.*, 817 P.2d 625, 627 (Colo. App. 1991).

In deciding whether to award attorney fees (and in assessing the amount of such fees, which is an issue not currently before the Court) under § 13-17-102, the district court must consider at least the factors set forth in § 13-17-103(1), which are:

> (a) The extent of any effort made to determine the validity of any action or claim before said action or claim was asserted;
>
> (b) The extent of any effort made after the commencement of an action to reduce the number of claims or defenses being asserted or to dismiss claims or defenses found not to be valid within an action;
>
> (c) The availability of facts to assist a party in determining the validity of a claim or defense;
>
> (d) The relative financial positions of the parties involved;
>
> (e) Whether or not the action was prosecuted or defended, in whole or in part, in bad faith;

8

>    (f) Whether or not issues of fact determinative of the validity of a party's claim or defense were reasonably in conflict;
>
>    (g) The extent to which the party prevailed with respect to the amount of and number of claims in controversy;
>
>    (h) The amount and conditions of any offer of judgment or settlement as related to the amount and conditions of the ultimate relief granted by the court.

Colo. Rev. Stat. § 13-17-103(1). A trial court must make "specific factual findings with regard to the application of the section's enumerated factors" when granting an award of fees. *Munoz v. Measner*, 247 P.3d 1031, 1034 (Colo. 2011). Only the relevant factors need be addressed. *In re Marriage of Aldrich*, 945 P.2d 1370, 1379 (Colo. 1997).

Pertinent to the Court's analysis in this matter, to be awarded attorneys' fees and costs under Colo. Rev. Stat. § 13-17-102, a party must comply with the safe-harbor provision provided in Rule 11(c)(2). *See Dowling v. Gen. Motors LLC*, 333 F.R.D. 534, 538 (D. Colo. 2019) (holding that Colorado courts have "consistently found that [the] safe-harbor provision [of Rule 11] preempts C.R.S. § 13-17-102 and that therefore, failure to comply with the safe-harbor provision bars a motion for attorney's fees pursuant to C.R.S. § 13-17-102.").

**Court's Inherent Authority**

Federal courts have certain "inherent powers" which are not conferred by rule or statute "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962). Among these powers is a court's "ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991); *see also Rice v. NBCUniversal Media, LLC*, 2019 WL 3000808, at \*3–4 (S.D.N.Y. July 10, 2019) (imposing sanctions pursuant to court's inherent powers).

"Because of their very potency, inherent powers must be exercised with restraint and discretion." *Chambers*, 501 U.S. at 44. But it is undisputed that "a court may assess attorney's fees when a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Id*. at 45–46 (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Society*, 421 U.S. 240, 258-59 (1975)).

One permissible sanction is an assessment of attorneys' fees, requiring the party that has engaged in misconduct to reimburse the legal fees and costs of the other party. *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017). Such a sanction must be compensatory rather than punitive in nature, and any attorneys' fee award is limited to the fees "the innocent party incurred solely because of the misconduct—or put another way, to the fees that party would not have occurred but for the bad faith." *Id*. at 1184.

Unlike Rule 11, sanctions under the Court's inherent authority appear to require a finding of bad faith on the part of the attorney or pro se party to be sanctioned. *See Farmer v. Banco Popular of N. Am.*, 791 F.3d 1246 (10th Cir. 2015) (upholding sanction award under the Court's inherent authority finding bad faith by a party in failing to comply with order enforcing settlement); *Chambers*, 501 U.S. 32 (1991) (holding there was no abuse of discretion in district court's resort to inherent power to impose sanctions for bad-faith conduct, even though some conduct was also sanctionable under the rules of civil procedure).

## ANALYSIS

Defendants argue that this action was frivolous and that they should be awarded their reasonable attorneys' fees and costs associated with defending against it. The

Court agrees that Plaintiff's stubborn insistence—in the face of several explicit warnings from opposing counsel and the Court—on pursuing his objectively meritless claims justifies an award of attorneys' fees. However, because only the City Defendants complied with Rule 11's safe harbor provision, they are the only parties who are entitled to attorneys' fees under Rule 11 and Colo. Rev. Stat. § 13-17-102(4). Nevertheless, the Court finds that Plaintiff acted with objective bad faith in bringing and prosecuting this case and that sanctions are also an appropriate exercise of the Court's inherent authority.

### **Whether an Award of Attorneys' Fees is Proper Under Rule 11 and Colo. Rev. Stat. § 13-17-102(4)**

The Court first notes that it ordered KW Lane to retain counsel within days of this case being filed. (*See* Dkt. #4.) It did not do so. Instead, Plaintiff merely substituted himself for the corporate entity so he could proceed pro se and filed the Amended Complaint. The Court dubbed this "a transparent attempt to bypass an order of the Court." (Dkt. #114 at 10.) Therefore, Plaintiff did not have standing to bring this suit on behalf of the company at the time the Amended Complaint was filed. (*See id.*) This is objectively unreasonable conduct. However, the Court noted in its Report and Recommendation that this defect could be remedied by amendment, and went on to discuss the merits (or lack thereof) of Plaintiff's claims.

Turning to the substance of Plaintiff's Amended Complaint and his conduct during this litigation, the Court has no trouble determining that Plaintiff violated Rule 11 and Colo. Rev. Stat. § 13-17-102(4) by initiating and maintaining this action. In its Report and Recommendation, the Court found that three of the four federal statutes cited by Plaintiff as grounds for relief (the Declaratory Judgment Act, Quiet Title Act, and

11

Color of Title Act) were, on their face, inapplicable to Plaintiff's claims against Defendants:

> Turning to the relevant federal statutes, declaratory judgment. . . is not a cause of action, it is a remedy. Next, the Quiet Title Act provides the means to challenge a disputed title to real property in which the United States claims an interest; as such, it has no applicability to Mr. Williams' situation. Third, the Color of Title Act pertains to those who seek to claim title to public land via adverse possession. It is likewise inapplicable. For these reasons, Mr. Williams cannot maintain his first three claims for relief under federal law against any of the Defendants.

(*Id.* at 11–12.)

The Court then ruled that Plaintiff's 42 U.S.C. § 1983 claim against the City Defendants failed as a matter of law because the Amended Complaint did not even identify the constitutional provision that was allegedly violated; instead, Plaintiff "quote[d] a confusing hodgepodge of random, unrelated legal authority, interspersed with his own conclusory declarations and opinions." (*Id.* at 13.)

At no point did Plaintiff offer a rational argument or provide any credible evidence that supported his claims, making them substantially frivolous and groundless. And Plaintiff's failure can be deemed "vexatious" because he had been informed, on several occasions, both pre- and post-filing, how and why his claims were not substantially justified. (*See, e.g.*, Dkt. #7-24 at 5 (FCPT explaining that Plaintiff's predecessor in interest waived its right to use the surface for exploration or removal of any minerals); Dkt. 7-20 (Black Elk, LLC explaining the same); Dkt. #7-18 (RLJ explaining the same).)

Significantly, Plaintiff has not demonstrated that he made a reasonable inquiry as to whether his claims were well-grounded in fact and warranted by existing law. Pre-litigation, Plaintiff gave Defendants the impression that he was in regular contact with legal counsel. (*See, e.g.*, Dkt. #7-24 at 6, Dkt. # 7-24 at 9, Dkt. #7-19 at 2.) He also

informed the Court that he had contacted attorneys who had "c[o]me to the same conclusion . . . that there are issues with defendant titles." There is no evidence to support either of these contentions. Plaintiff did not include any correspondence in the document he filed with the Court on February 25, 2022. (*See* Dkt. #112-1 (list of supplements exhibits).) He only offered his own vague, self-serving and, frankly, specious reasoning that "[t]he multitude of attorneys that I have consulted would have told me that this was frivolous ahead of filing and none of them have."

The only legal correspondence on record is a February 19, 2021, two-page letter sent to Black Elk, LLC from the law firm Riggs Abney (the "RA Letter"). (Dkt. #7-21). But Riggs Abney is a firm Plaintiff uses "to initiate legal conversations with parties with adverse issues," and this letter merely relays the relevant facts "according to KW Lane." It contains no legal authority, opinions, or analysis, and offers no legal conclusions. The RA Letter also specifically requests that Black Elk, LLC not contact Riggs Abney about the letter but instead "**communicate with KW Lane directly" about the issues in the letter**. (*Id.* (original emphasis).) As the RA Letter offers no substantive legal opinion, Plaintiff could not reasonably rely on it in fulfilling his Rule 11 obligations.

Moreover, Plaintiff made little effort to address the authority cited in Defendants' motion to dismiss briefing, particularly regarding whether, as Plaintiff claimed, the original land patent from the United States conveyed to him clear title to the mineral estate, unencumbered by Defendants' surface interests. Plaintiff's position was frivolous. *See Parkway Bank & Tr. Co. v. Korzen,* 2 N.E.3d 1052, 1078 ("Needless to say, the [land patent] tactic is never successful, as it is not based in American law."). The fact that Plaintiff failed to engage with these arguments indicates that he knew, or

13

should have known, that his position was not substantially justified, but he maintained it anyway, which the definition of vexatious conduct.

As to the § 13-17-103(1) factors, the Court finds that all but one ("the relative financial positions of the parties involved") weigh in favor of Defendants. Despite Plaintiff's claim to the contrary, it is clear to the Court that he made little to no effort to determine whether his claims were valid before initiating this action. He sued over a dozen Defendants, including the United States, and asserted various, implausible claims against them. Plaintiff was informed by several Defendants pre-filing that his claims were without merit, and was warned by the Court that maintaining frivolous claims could make him vulnerable to sanctions, yet he persisted in filing long and mostly pointless documents. He also apparently agreed to dismiss Defendants Michow and Floyd in response to the City Defendants' Rule 11 conferral letter, but then failed and refused to sign a stipulation to dismiss those Defendants. Finally, all the claims he brought have been or likely will be dismissed.

Accordingly, the Court finds that this lawsuit was not substantially justified under Rule 11 and § 13-17-102(4).

### Rule 11's Safe Harbor Provision

The fact that Plaintiff was not substantially justified in bringing and maintaining this lawsuit does not end the Court's analysis, however, because it is undisputed that only City Defendants complied with Rule 11(c)(2). "Rule 11(c)(2) requires that a party seeking sanctions for a violation of Rule 11(b) serve its motion on the opposing party twenty-one days before filing it, thereby providing the opposing party 'a safe harbor during which time she could have dismissed her case without fear of sanctions under

Rule 11.'" *Hanover Ins. Grp. v. iCarpets, Inc.*, No. 16- cv-01013-RBJ, 2017 WL 6524657, at *7 (D. Colo. Dec. 21, 2017). The City Defendants sent the requisite safe-harbor letter on August 26, 2021. (*See* Dkt. 119-2.) DD Lincoln, RLJ, and FCPT did not serve Plaintiff with any safe harbor letters.

Defendants argue that because all defense counsel were copied on the City Defendants' email, they should be permitted to "piggy-back" off the City Defendants' safe harbor letter. The Court rejects this argument. While such "piggy-backing" may be permitted in other jurisdictions, Rule 11's "'safe harbor' provision is strictly enforced in this circuit." *Wolf v. Petrock*, No. 08-cv-02749-PAB-KMT, 2010 WL 2232353, at *2 (D. Colo. June 2, 2010) (citing *Roth v. Green*, 466 F.3d 1179, 1192-93 (10th Cir. 2006) (holding that substantial compliance with Rule 11's "safe harbor" provision was not sufficient)).

Defendants also note that FTCP did send Plaintiff an email saying that it "joins the statements made" in the City Defendants letter. The Court finds this insufficient. A suitable safe harbor letter must "describe the specific conduct that allegedly violates Rule 11(b)." Much of the specific conduct described in the City Defendants' letter is particular to their status as a state agency/state agents; such arguments are not applicable to the three other moving Defendants.

Because DD Lincoln, RLJ, and FCPT failed to comply with Rule 11(c)(2), they cannot be awarded attorneys' fees and costs under Rule 11(b) or Colo. Rev. Stat. § 13-17-102(4).

15

### Bad Faith

Nevertheless, as discussed above, the Court does have the inherent power to award compensatory attorneys' fees against a party who has acted in bad faith. The Court explicitly finds that Plaintiff has acted in bad faith in this case. This finding is supported by: (1) Plaintiff's disregard of the Court's order that KW Lane retain counsel; (2) Plaintiff's implausible and unsubstantiated statements, made to the Court and Defendants, that he had consulted with legal counsel and had been told that his claims were warranted; (3) the fact that Defendants informed Plaintiff prelitigation that his claims were invalid; (4) the fact that the Court cautioned Plaintiff several times that pursuing frivolous claims could result in having to pay Defendants' costs and fees, including attorneys' fees; and (5) the summary dismissal of Plaintiff's federal claims because they clearly were inapplicable to the facts as alleged in the Amended Complaint.

Moreover, Plaintiff was given more than adequate notice of the risk of a fees and cost award. In addition to the explicit warnings given at each hearing, the Court gave Plaintiff the opportunity to submit in writing a summary of the research he did regarding the "justification for bringing this lawsuit," and instructed him not to "argue the substance" of the case in the submission. He largely ignored this instruction and filed a confusing and discursive diatribe instead. The Court is not at all persuaded that Plaintiff had any good faith basis for filing and litigating this case.

## ORDER[2]

In light of the foregoing, it is hereby

**ORDERED** that the Combined Motion for Attorneys' Fees and Costs (Dkt. #119) is **GRANTED IN PART** and **DENIED IN PART** as follows. Defendants City of Lone Tree, Roshana Floyd, and Linda Michow are entitled to reasonable attorneys' fees under Rule 11 and Colo. Rev. Stat. § 13-17-102(4). Defendants DD Lincoln Station LLC, RLJ II MH Denver S LLC, and FCPT Holdings LLC are not entitled to an award of attorneys' fees under Rule 11 or Colorado law because they failed to serve the requisite safe harbor letter. However, the Court exercises its discretion to award these Defendants their reasonable attorneys' fees pursuant to the Court's inherent authority. It is further

**ORDERED** that Plaintiff shall pay the moving Defendants reasonable attorneys' fees for having to prepare and argue their Combined Motion to Dismiss With Prejudice Plaintiff's Amended Complaint. To justify an award of attorneys' fees and expenses, the party seeking such an award normally must provide the Court with time and expense records, specifying for each attorney who performed work on the matter, the date, hours

---

[2] Rule 72(a) of the Federal Rules of Civil Procedure provides that when a pretrial matter not dispositive of a party's claim or defense is referred to a Magistrate Judge to hear and decide, the Magistrate Judge must issue a written order stating the decision. Within fourteen (14) days after service of a copy of this Minute Order, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a). Failure to make any such objection will result in a waiver of the right to appeal the non-dispositive order. *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.* 989 F.3d 747, 782 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders); *but see Morales-Fernandez v. INS,* 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, such as when a "*pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object").

expended and the nature of the work performed. Fees and expenses must be both necessary and reasonable. It is further

**ORDERED** that within 14 days from the date of this Order, the moving Defendants are directed to submit to Plaintiff detailed billing records of each lawyer, reflecting the time spent on which tasks, with accompanying hourly rates, so that the Parties may attempt to confer and stipulate to a reasonable figure that would establish an appropriate sanction award for each moving Defendant. If a stipulation can be reached within ten days or receipt of the billing records, the Parties shall inform the Court of the stipulation (or stipulations). If no stipulation can be reached within 10 days after delivery of the billing records to Plaintiff, the Parties shall inform the Court and, no later than seven days thereafter, each moving Defendant shall submit to the Court the records and an accompanying brief supporting their fee request (not to exceed seven pages in length). Plaintiff then will have 14 days to respond.

The Court will note that the "reasonable" fees for commercial litigators vary wildly across the country. While hourly rates in excess of $1,000 per hour for an experienced litigator may be the going rate in some locations on the coasts, it is not the case in Colorado. The Court will be looking to the Colorado Bar Association <u>Economics of Law Practice Survey</u> for guidance on the reasonableness of the rates requested. The sanction award will not be excessive. The Court will similarly be looking at the number of hours spent to ensure that appropriate tasks were reasonably allocated to lawyers or paralegals at a lower hourly rate, and time was not unnecessarily spent. In addition, in making a fair award, consistent with furthering the purposes of Rule 11 (deterring baseless filings), while not being overly punitive, the Court will likely take into account

18

the relative financial condition of Plaintiff vis-à-vis the Defendants. *See Faraci v. Hickey–Freeman Company, Inc.*, 607 F.2d 1025, 1028 (2d Cir.1979) (explaining that notwithstanding the express grant of authority to award fees under the rules, there should be a continued application of equitable considerations in the award of fees as sanctions, "both to effectuate the broader legislative purpose and to do justice in the particular case"); *Doering v. Union Cnty. Bd. Of Chosen Freeholders*, 857 F.2d 191, 195 (3d Cir. 1988) ("Where a district court decides to award a monetary sanction, such as attorney's fees, the total amount of such a sanction (as well as the initial decision whether to impose such a sanction) should be guided by equitable considerations."). As the Tenth Circuit has emphasized, "the amount of sanctions is appropriate only when it is the *minimum* that will serve to *adequately* deter the undesirable behavior." *White v. Gen. Motors Corp. Inc.*, 908 F.2d 675, 684-85 (10th Cir. 1990) (emphasis in original) (citation omitted).

**SO ORDERED**

Dated: October 27, 2022
Denver, Colorado

N. Reid. Neureiter
United States Magistrate Judge